Slip Op. 10-5

## UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr><td>

**UNITED STATES**,

              Plaintiff,

      v.

**TIP TOP PANTS, INC.**,

         and

**SAAD NIGRI,**

              Defendants.

</td><td>

**Before: Timothy C. Stanceu, Judge**

**Court No. 07-00171**

</td></tr>
</table>

## <u>OPINION AND ORDER</u>

[Dismissing defendant Nigri from the action and denying plaintiff's motion for summary judgment]

Dated: January 13, 2010

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*David M. Hibey* and *Meredyth C. Havasy*); *Chris Yokus*, Office of the Assistant Chief Counsel, United States Customs and Border Protection, of counsel, for plaintiff.

*Ballon Stoll Bader & Nadler, P.C.* (*Vano I. Haroutunian*) for defendants.

Stanceu, Judge:  Plaintiff brought this action under Section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592 (2006) ("Section 592"), to recover from defendants Tip Top Pants, Inc. ("Tip Top") and Saad Nigri a civil penalty of $55,636.90 and duties of $1,640.53, plus interest, for alleged material false statements or acts, or material omissions, made in connection with a single entry of apparel made in 2002.  Compl. ¶¶ 1, 3, 8.  Defendants make an untimely motion to dismiss the complaint against Nigri for failure to state a claim upon which relief can be

granted. Notice of Mot. to Dismiss the Compl. against Sadi Nigri for Failure to State a Claim upon which Relief Can Be Granted pursuant to USCIT R. 12(b)(5), at 1 ("Mot. to Dismiss"). Plaintiff moves for summary judgment against both defendants to recover on its penalty claim, for which it alleges a degree of culpability of negligence. Pl.'s Mot. for Summ. J. ("Pl.'s Mot."). Because plaintiff has failed to demonstrate that it is entitled to a judgment as a matter of law, the court denies plaintiff's motion. Because the complaint fails to state a claim under Section 592 against Nigri upon which relief can be granted, and because plaintiff has maintained its action against Nigri on that complaint, the court *sua sponte* dismisses Nigri as a party defendant.

## I. BACKGROUND

The court sets forth below the procedural background of this case and identifies certain uncontested facts relevant to the court's consideration of the two pending motions, as established by the various submissions.

### A. The Entry of the Merchandise for Consumption in 2002

An entry for consumption was filed with United States Customs and Border Protection ("Customs") in 2002 at the port of Laredo, Texas for a shipment from Mexico of 954 dozen of men's denim cotton shorts and pants and 960 dozen of boys' denim cotton shorts. Pl.'s Statement of Material Facts pursuant to Rule 56(h)(1) ¶¶ 1-2 ("Pl.'s Statement of Material Facts"); Pl.'s Mot. app. at 25-28 (setting forth the entry summary form and commercial invoices). The entry summary form for the shipment showed a total entered value of $215,398 and a date of entry of May 24, 2002; it listed as the importer of record "Tip Top Pant Inc, 1407 Broadway Suite 521, New York, NY 10018." Pl.'s Mot. app. at 25. The form set forth a tariff classification of Subheading 6203.42.4050, Harmonized Tariff Schedule of the United States ("HTSUS")

(2002) for the men's apparel items and Subheading 6203.42.4060, HTSUS for the boys' shorts. *Id.* app. at 25-26. Both provisions were subject to a General (MFN) duty rate of 16.8% *ad valorem*; goods classified thereunder that qualified as originating goods under the North American Free Trade Agreement ("NAFTA") Implementation Act, as provided for in General Note 12, HTSUS, were eligible for duty-free tariff treatment. Subheading 6203.42.40, HTSUS; Subheading 9802.00.9000, HTSUS; General Note 12, HTSUS. The entry summary form made a claim for duty-free treatment under Subheading 9802.00.9000, HTSUS.[1] Pl.'s Mot. app. at 25-26.

### B. The Customs Form 28 Request for Information and the Customs Form 29 Notice of Proposed Action

On November 19, 2002, Customs issued to Tip Top a request for information ("Customs Form 28") requesting various items of documentation pertaining to the subject entry. Pl.'s Statement of Material Facts ¶¶ 3-4; Pl.'s Mot. app. at 10-11. The Customs Form 28 also stated as follows: "Due to the fact that this office is already reviewing your invalid claims, you are no longer eligible for the provisions set forth under 19 CFR 162.74." Pl.'s Mot. app. at 11. The provisions of the Customs Regulations to which the Customs Form 28 cited are procedures for prior disclosures made according to, *inter alia*, Section 592(c). *Id.*; *see* 19 U.S.C. § 1592(c)(4); 19 C.F.R. § 162.74 (2002).

On January 16, 2003, Customs issued a notice of proposed action ("Customs Form 29") stating that it was proposing to disallow Tip Top's claim for preferential tariff treatment under

---

[1] Subheading 9802.00.9000 provided duty-free treatment for apparel goods assembled in Mexico from fabric components wholly formed and cut in the United States, subject to certain conditions. Subheading 9802.00.9000, Harmonized Tariff Schedule of the United States ("HTSUS") (2002); *see* Chapter 98, Subchapter II, U.S. Note 4, HTSUS.

Subheading 9802.00.0090, HTSUS due to Tip Top's failure to respond to the Customs Form 28 and allowing Tip Top twenty days to supply the documentation previously requested. Pl.'s Statement of Material Facts ¶ 4; Pl.'s Mot. app. at 12. The Customs Form 29 also contained the following statements: "This office will be disallowing all 9802.00.9000 claims, and duties will be assessed at the general rate of duty. Your firm has made false claims under this program and is subject to possible penalties." Pl.'s Mot. app. at 12.

C. The Administrative Penalty and Protest Proceedings

Customs issued a pre-penalty notice to Tip Top on May 7, 2003, citing "material false statements, acts and/or omissions," "HTS 9802.00.9000," an alleged degree of culpability of negligence, and a proposed penalty of $55,636.90, which it described as "two (2) times the potential loss of revenue." Pl.'s Mot. app. at 14; Pl.'s Statement of Material Facts ¶ 5. In the section of the pre-penalty notice labeled "Material Facts Establishing Violation," the pre-penalty notice cited only one fact, Tip Top's failure to respond to the Customs Form 28 "requesting documentation to substantiate the 9802 claim." Pl.'s Mot. app. at 14. Even though the notice was a pre-penalty notice, and not a claim for penalty, the notice stated: "Importer has failed to respond resulting in entry being rate advanced in the sum of $27,818.45 and penalty assessment." *Id.* Tip Top filed a response to the pre-penalty notice on June 26, 2003. Pl.'s Mot. app. at 15-20; Pl.'s Statement of Material Facts ¶ 6. Among other arguments, the response claimed that the apparel items on the entry at issue "were . . . entered duty-free as products of Mexico eligible for duty-free treatment under the provisions of the North American Free Trade Agreement ('NAFTA')" and that "[t]he entry in question was filed on the basis of a NAFTA blanket

Certificate of Origin, covering the period of January 1, 2002 through December 31, 2002 . . . ."

Pl.'s Mot. app. at 17.

Following the liquidation of the entry on April 4, 2003, Tip Top filed a protest and request for further review on June 30, 2003.[2] *Id.* app. at 76-82. The protest contested "the decision of Customs to deny duty-free treatment to the merchandise imported and entered under the captioned entry under HTSUS subheading 9802.00.9000, and under subheadings 6203.42.4050 [or] 6203.42.4060, as qualifying products of Mexico under NAFTA (North American Free Trade Agreement)" and the assessment of duties at 16.8% *ad valorem*. *Id.* app. at 77. The submissions of the parties do not indicate whether Customs has ruled on the protest.

Customs issued a claim for a civil penalty in the amount of $55,636.90, in the form of a notice of penalty (Customs Form 5955A) dated October 6, 2003 and a cover letter dated October 7, 2003. Pl.'s Mot. app. at 60-62; Pl.'s Statement of Material Facts ¶ 9. The notice of

---

[2] The court is unable to determine from the submitted documentation how the duties upon liquidation were determined. If the merchandise were dutiable without the benefit of preferential tariff treatment under General Note 12, HTSUS or Subheading 9802.00.9000, HTSUS, it would appear from the information set forth on the entry summary that the duties owed would have been $36,186.86, based on an entered value of $215,398 and a duty rate of 16.8% *ad valorem*. *See* Pl.'s Mot. for Summ. J. ("Pl.'s Mot.") app. at 25-26 (setting forth the entry summary); Subheading 6203.42.40, HTSUS. Plaintiff's USCIT Rule 56(h) submission contains the statements that "[o]n July 18, 2006, Tip Top paid a portion of the duties owed, or $33,842.45" and that "[a]s of this filing, Tip Top still owes $1,695.36 in duties and interest." Pl.'s Statement of Material Facts pursuant to Rule 56(h)(1) ¶ 13 ("Pl.'s Statement of Material Facts") (citing Pl.'s Mot. app. at 122). Plaintiff submitted printed results of two bill number queries, one dated December 28, 2006, Pl.'s Mot. app. at 122, and one dated September 9, 2006, *id.* app. at 123. The former indicates that three separate bill numbers apply to the entry at issue in this case, one of which is designated as "void." *Id.* app. at 122. The latter indicates, for one of those three bill numbers, a "total bill amount" of $33,842.45 and a "paid amount" of $33,842.45. *Id.* app. at 123. That amount is the sum of an indicated "principal amount" of $28,056.70 and an indicated "interest amount" of $5,785.75. *Id.* The December 28, 2006 bill number query result shows an unpaid balance on a third bill of $1,695.36, but this amount is derived from the first bill indicated, which is designated thereon as "void." *Id.* app. at 122.

penalty stated that Tip Top "entered or caused to be entered merchandise into the commerce of the United States by means of material false statements, acts and/or omissions." Pl.'s Mot. app. at 62. The notice of penalty cited, as the reason for the "penalty assessment," Tip Top's failure to respond to the Customs Form 28. *Id.* The cover letter stated as the basis for the assessment of a penalty that "[a]lthough the entry is being protested, and you claim a correct NAFTA Certificate of Origin submitted [*sic*], we find that the failure to provide the Certificate within the time allowed is material to the orderly and proper assessment and collection of duties by Customs and Border Protection and demonstrates negligence." *Id.* app. at 60.

On November 4, 2003, Tip Top filed with Customs a petition seeking cancellation or substantial mitigation of the penalty. Pl.'s Mot. app. at 63-64 (setting forth *Letter from Follick & Bessich to Bureau of Customs & Border Prot.* 1-2 (Nov. 4, 2003) ("Petition")); Pl.'s Statement of Material Facts ¶ 10. Tip Top advanced various arguments in its petition, among which was that the failure to respond to the Customs Form 28 was the fault of its freight forwarder, South Texas International ("STI") of Laredo, Texas, upon whom Tip Top relied to maintain the required records and respond to the request for information. Pl.'s Mot. app. at 65-66 (Petition 3-4). It also argued that the merchandise at issue qualified for duty-free treatment under Subheading 9802.00.9000, HTSUS, that documentation, although filed late, established that the merchandise was entitled to duty-free tariff treatment, and that Tip Top had claimed duty-free entry under NAFTA on the basis of facts, circumstances, and documents (albeit late filed) that supported such entry. Pl.'s Mot. app. at 66-69 (Petition 4-7). Although arguing that no penalty was warranted, it also argued that any penalty should be canceled or substantially mitigated because of Tip Top's excellent compliance record, because this was Tip Top's first experience

with importing merchandise duty-free under NAFTA, and because of Tip Top's reliance "upon professionals, customs brokers and freight forwarders who held themselves out as qualified and informed in handling NAFTA importations and their documentary requirements." Pl.'s Mot. app. at 69 (Petition 7). The documentation submitted as evidence in support of plaintiff's motion for summary judgment contains no decision by Customs responding to the arguments in Tip Top's Petition.

Plaintiff's appendix contains a second Customs Form 5955A bearing a date of January 9, 2006, that plaintiff describes as an "amended penalty notice." *Id.* app. at 121; Pl.'s Statement of Material Facts ¶ 12. The text substantively is the same as the penalty notice dated October 6, 2003, except that the following sentence was added: "The fact that the fabric was cut and assembled in Mexico disqualifies you from claiming 9802.00.9000; therefore, your HTS 9802.00.9000 claim was false." *Compare* Pl.'s Mot. app. at 121 *with id.* app. at 60-62. In June 2006, Tip Top paid Customs $33,842.45. Pl.'s Statement of Material Facts ¶ 13; Pl.'s Mot. app. at 122-23.

### D.  Judicial Proceedings

Plaintiff commenced this action by filing a summons and complaint on May 18, 2007. With the consent of the parties, the court entered a scheduling order on May 6, 2008 and, on several occasions since then, has granted unopposed motions to extend dates in the scheduling order. Discovery was required to be completed by February 27, 2009. Order, Dec. 15, 2008. On June 9, 2009, defendants moved to dismiss the complaint as to Nigri for failure to state a claim upon which relief can be granted. Mot. to Dismiss 1. Two days later, plaintiff moved for

summary judgment against both defendants for a civil penalty of $55,636.90 and unpaid duties

and interest of $1,640.53.  Pl.'s Mot. 13.

## II. DISCUSSION

The court exercises jurisdiction according to 28 U.S.C. § 1582, which grants the Court of

International Trade exclusive jurisdiction over actions to recover civil penalties claimed under

19 U.S.C. § 1592 and customs duties.  *See* 28 U.S.C. § 1582 (2006).

A.  Plaintiff Has Failed to Demonstrate that It Is Entitled to Judgment as a Matter of Law

Summary judgment "should be rendered if the pleadings, discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law."  USCIT Rule 56(c).  The court

concludes that the pleadings, discovery and disclosure materials on file, and affidavit do not

show that plaintiff is entitled to judgment as a matter of law.

1.  Plaintiff Has Failed to Demonstrate that Its Penalty Claim Against Tip Top Was Perfected in
Accordance with the Requirements of Section 592

Plaintiff is suing under Section 592(e) to recover a penalty on a claim arising from the

administrative penalty proceeding that Customs initiated by issuing the May 7, 2003 pre-penalty

notice.  *See* 19 U.S.C. § 1592(e); Pl.'s Mot. app. at 13-14.  The undisputed facts plaintiff

establishes in support of summary judgment do not demonstrate that Customs complied with the

requirements that Section 592 imposes.  Among those statutory requirements is that a person to

whom a written penalty claim is issued "shall have a reasonable opportunity under section 1618

of this title [*i.e.*, 19 U.S.C. § 1618] to make representations, both oral and written, seeking

remission or mitigation of the monetary penalty."  19 U.S.C. § 1592(b)(2).  Tip Top timely

submitted a petition for remission or mitigation of the October 7, 2003 penalty claim. Pl.'s Mot.

app. at 63-70 (Petition at 1-8); Pl.'s Statement of Material Facts ¶ 10; *see* 19 C.F.R. § 171.2(b)(2)

(2009) (allowing 60 days for submission of a petition). Section 592(b)(2) requires that "[a]t the

conclusion of any proceeding under such section 1618, the Customs Service shall provide to the

person concerned a written statement which sets forth the final determination and the findings of

fact and conclusions of law on which such determination is based." 19 U.S.C. § 1592(b)(2).

Plaintiff has produced the second Customs Form 5955A, Pl.'s Mot. app. at 121, which

plaintiff describes in its Rule 56(h)(1) statement as an "amended penalty notice." Pl.'s Statement

of Material Facts ¶12. The issuance of this document does not cure the apparent procedural

defect. The statute and regulations required that Customs issue to Tip Top a response to the

November 4, 2003 Petition, which sought not only remission but also presented arguments for

mitigation of the penalty. *See* Pl.'s Mot. app. at 63-70 (Petition at 1-8). Plaintiff has not shown

that Tip Top withdrew its Petition or that Customs ever ruled on that Petition.[3] If agency action

---

[3] Plaintiff's statement of material facts pursuant to USCIT Rule 56(h)(1) does not state that a decision under 19 U.S.C. § 1618 was issued. *See* Pl.'s Statement of Material Facts. In support of its summary judgment motion, plaintiff states as follows:

> After review of Tip Top's November 2003 letter [*i.e.*, Tip Top's petition in response to the written penalty claim], Customs contacted counsel for Tip Top and requested a conference regarding the petitions for relief. Customs also requested that Tip Top waive the statute of limitations. In a letter dated February 26, 2004, counsel indicated that the firm no longer represented Tip Top and gave Customs Tip Top's last known mailing address, telephone, and facsimile numbers.

Pl.'s Mot. 5. These allegations are missing from the USCIT Rule 56(h)(1) statement, but even if they were presumed to be true, they would not suffice. Although the statute and regulations grant a person to whom a penalty claim has been issued the opportunity to make an oral presentation, they do not authorize Customs to demand, as a condition of obtaining a decision on a petition for remission or mitigation, that a person appear before Customs. *See* 19 U.S.C. § 1592(b) (2006); 19 C.F.R. § 171.3 (2009).

on Tip Top's Petition was still pending at the time Customs issued the second Customs Form 5955A, and if no decision under 19 U.S.C. § 1618 was ever issued, then the requirements of the statute and the regulations were not satisfied. *See* 19 U.S.C. § 1592(b); 19 C.F.R. § 171.21 (2009) ("If a petition for relief relates to a violation of section[] 592 . . . , the petitioner will be provided with a written statement setting forth the decision on the matter and the findings of fact and conclusions of law upon which the decision is based."). The second Customs Form 5955A does not satisfy the statutory and regulatory requirements for a written statement setting forth the final determination and the findings of fact and conclusions of law on which the determination is based. *See* 19 U.S.C. § 1592(b); 19 C.F.R. § 171.21. On its face, the second Customs Form 5955A indicates that it is not a final determination, and it does not respond to the points in the Petition. *See* Pl.'s Mot. app. at 121. The statute specifies that the "written statement" issued at the conclusion of the proceeding conducted under 19 U.S.C. § 1618 is to be a determination separate from, and subsequent to, the issuance of the written penalty claim. 19 U.S.C. § 1592(b).

The United States, in an action brought under Section 592(e), commences a proceeding "for the recovery of any monetary penalty claimed under this section," *i.e.*, Section 592. *Id.* § 1592(e). Congress directed that Customs adjudicate the penalty claim in an administrative proceeding conducted under 19 U.S.C. § 1618 and issue a written decision concluding that proceeding before any recovery action is brought in the Court of International Trade. 19 U.S.C. § 1592(b)(2) (requiring Customs to issue a "written penalty claim" and conduct thereon a proceeding under 19 U.S.C. § 1618). Plaintiff has failed to show either that the § 1618 proceeding took place and culminated in a written decision or that some circumstance, not apparent from the summary judgment motion, occurred that could have justified any failure to

conduct a § 1618 proceeding.  Therefore, plaintiff has not met its burden of demonstrating that it

"is entitled to judgment as a matter of law."  USCIT Rule 56(c).

### 2.  Plaintiff's Rule 56(h)(1) Statement Contains Unsupported Factual Contentions But Was Not Controverted by Defendants

Plaintiff's failure to demonstrate that the penalty claim on which it seeks to recover

resulted from a proceeding conducted according to Section 592(b) is sufficient, by itself, to

preclude the court from granting plaintiff's summary judgment motion.  The court observes in

addition that the statement, made pursuant to USCIT Rule 56(h)(1) in support of plaintiff's

motion, contains facts as to which there is alleged to be no genuine issue to be tried, and the

court further observes that certain of these stated facts are unsupported by plaintiff's citations to

admissible evidence.[4]  The court notes that defendants did not file a statement satisfying the

requirements of USCIT Rule 56(h)(2) to controvert the statements in plaintiff's Rule 56(h)(1)

statement.[5]  USCIT Rule 56(h)(3) deems such statements to be admitted.  USCIT Rule 56(h)(3).

These statements, even when deemed admitted, do not establish that plaintiff is entitled to

judgment as a matter of law because of the absence of a showing that Customs conducted an

administrative proceeding under 19 U.S.C. § 1618 that fulfilled the requirements of

Section 592(b).

---

[4] Each statement by the movant for summary judgment must be followed by citation to evidence which would be admissible.  USCIT Rule 56(h)(4).

[5] In their opposition to plaintiff's motion for summary judgment, defendants include a statement of facts but do not present numbered paragraphs responding to the statements in plaintiff's Rule 56(h)(1) statement.  *See* USCIT Rule 56(h)(2); Defs.' Opp'n to Pl.'s Mot. for Summ. J. 2-4 ("Defs.' Opp'n").

Plaintiff alleges that "Mr. Nigri testified that he did not have oversight over his broker," relying on a portion of the transcript, Nigri Dep. 55:3-17, Jan. 15, 2009, of the deposition plaintiff took of Nigri. Pl.'s Statement of Material Facts ¶ 14 (citing Nigri Dep. 55:3-17, Jan. 15, 2009). In the cited passage, Mr. Nigri did not testify that he did not have "oversight" over his broker. Instead, he testified that he did not "know more than [his] broker" or "as much as [his] broker."[6]

Plaintiff also submits as an undisputed material fact that "Tip Top . . . admits that the apparel was misclassified as duty free on May 24, 2002, and that Tip Top was the importer of record for this transaction," citing pages 8 and 119 of the appendix to plaintiff's motion for summary judgment. *Id.* ¶ 15 (citing Pl.'s Mot. app. at 8, 119). In the cited pages, which contain Tip Top's responses to plaintiff's requests for admission, Tip Top did not make a general admission that the apparel was misclassified as duty-free.[7] There is an admission by Tip Top that

---

[6] The portion of the transcript on which plaintiff relies reads as follows:
Q. Oversight by Tip Top, over your broker?
A. I don't know more than my broker, no, I don't. I relied on my broker and I rely on my lawyer.
Q. Do you know as much as your broker?
A. Me?
Q. Yeah.
A. I should? My question. If I should, I'll learn, but I don't.
Q. Okay.
A. I think custom and legality aspect is – – that's why we use them, I guess.
Pl.'s Mot. app. at 125; Nigri Dep. 55:3-17, Jan. 15, 2009. Plaintiff submitted only pages 1 and 55 of the deposition transcript with its motion for summary judgment. *See* Pl.'s Mot. app. at 124-25. Pages 1, 51, 53, and 54 are appended to Plaintiff's Reply in Support of its Motion for Summary Judgment. *See* Pl.'s Reply in Supp. of its Mot. for Summ. J. Ex. A. None of the submitted pages establishes the absence of a genuine issue of fact as to whether Nigri "did not have oversight over his broker." *See* Pl.'s Statement of Material Facts ¶ 14.

[7] Plaintiff submits documents including statements by Tip Top that can be construed as
(continued...)

the imported apparel was misclassified under subheading 9802.00.9000 as duty-free because Tip Top's broker, J.O. Alvarez, Inc., identified the apparel with the incorrect entry number. Pl.'s Mot. app. at 4-5 (referring to pages 4-5 of Tip Top Pants, Inc.'s Resp. to Pl.'s First Set of Interrogatories). There is also an admission that the imported apparel was manufactured from material shipped in roll form from the United States to Mexico. *Id.* app. at 8, 119. This constitutes an admission that the merchandise did not meet a condition of entry under Subheading 9802.00.9000, HTSUS because the apparel items were assembled from components that were not cut in the United States. *See* Subheading 9802.00.9000, HTSUS (requiring that the apparel goods be assembled in Mexico from fabric components wholly formed and cut in the United States). It is not an admission that the merchandise did not qualify for duty-free treatment as originating goods eligible for the NAFTA preference.[8]

### B. Because Plaintiff's Complaint Fails to State a Valid Claim Against Nigri, and Because Plaintiff Has Continued this Action against Nigri on that Complaint, the Court Will Dismiss Nigri as a Party Defendant

The court next considers defendants' motion to dismiss Nigri as a party defendant. Plaintiff argues in a footnote in its opposition to the motion to dismiss that Nigri has waived any

---

[7](...continued)
maintaining that the goods qualified for duty-free treatment under the NAFTA. *See, e.g.*, Pl.'s Mot. app. at 17 (in which Tip Top claimed during the administrative pre-penalty proceeding that the apparel items "were . . . entered duty-free as products of Mexico eligible for duty-free treatment under the provisions of the North American Free Trade Agreement ('NAFTA')" and that "the entry in question was filed on the basis of a NAFTA blanket Certificate of Origin, covering the period of January 1, 2002 through December 31, 2002"). The court is unable to find on the entry summary or in other entry documentation a "written declaration" that the entered goods qualified for NAFTA preferential tariff treatment. *See* 19 C.F.R. § 181.21 (2002).

[8] The submissions of the parties do not address the question of whether defendant Tip Top filed a retroactive claim for NAFTA preferential tariff treatment. *See* 19 U.S.C. § 1520(d) (2006); 19 C.F.R. §§ 181.31, 181.32 (2003).

defense under USCIT Rule 12(b) by moving to dismiss "nearly two years after he answered the complaint." Pl.'s Opp'n to Def. Saad Nigri's Mot. to Dismiss 3 n.11 ("Pl.'s Opp'n"). Plaintiff is correct that USCIT Rule 12(b) requires that the defense of failure to state a claim upon which relief can be granted be made before a responsive pleading, if one is allowed. USCIT Rule 12(b). The court notes, further, that under the original scheduling order entered in this action, motions regarding the pleadings were to have been submitted by July 22, 2008. Scheduling Order, May 5, 2008. Although the Scheduling Order was amended, upon joint motion of the parties, to continue discovery and for other reasons, the date for filing a motion to dismiss based on USCIT Rule 12(b)(5) was not extended. *See* Order, Dec. 15, 2008. For both of these reasons, defendants' motion to dismiss the complaint as to Nigri is untimely. The court, therefore, will not dismiss Nigri upon defendants' motion.

The court concludes, nevertheless, that the untimeliness of defendants' motion does not resolve all issues arising from plaintiff's having brought an action, and having continued that action, against Nigri. The court may dismiss a defendant from an action *sua sponte* when it appears that a plaintiff is maintaining a groundless lawsuit against a defendant. *See Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006). It is, of course, improper for any action to be maintained against a defendant where no valid basis for such an action could be shown. *See* USCIT Rule 11(b)(2)-(3). For the present, the court sees no need to decide the question of whether plaintiff possibly *could* show a basis for continuing this lawsuit against Nigri. At this stage of the litigation, the court cannot rule out entirely the possibility that plaintiff still could plead and prove facts under which Nigri could incur liability under Section 592 and

that plaintiff could seek leave to amend its complaint accordingly.[9]  Nevertheless, the court does

see a need to decide at this time whether an action against Nigri should be allowed to continue on

the basis set forth in the complaint.

In the circumstances presented here, the court's dismissal of Nigri as a party defendant is

the appropriate result.  Since bringing this action in May 2007, plaintiff has had ample

opportunity to conduct discovery.  It also has had the opportunity to seek to amend its complaint

but has not chosen to do so.  Instead, it has proceeded to move for summary judgment against

Nigri on that complaint, which alleges as to Nigri only one fact: "At all times relevant to the

matters described in the complaint, Saad Nigri[10] was the Chairman and Chief Executive Officer

of Tip Top."  Compl. ¶ 6.  Even if the court, for purposes of considering the sufficiency of the

complaint as to Nigri, accepts as true all well-pleaded facts in the complaint and draws all

reasonable inferences in plaintiff's favor, the court still must conclude that the complaint states

no claim against Nigri upon which relief can be granted.  Section 592(a)(1)(A) provides, in

pertinent part, that "no person . . . may *enter, introduce, or attempt to enter or introduce any*

*merchandise into the commerce of the United States* by means of– (i) any document . . . written

. . . statement, or act which is material and false, or (ii) any omission which is material."

19 U.S.C. § 1592(a)(1)(A) (emphasis added).  The complaint does not allege that Nigri entered,

---

[9] Plaintiff would face a considerable procedural burden in seeking modification of the scheduling order at this time so as to permit filing of a motion for leave to amend the complaint. *See* USCIT Rules 15(a)(2), 16(b)(4).

[10] In the text of certain pleadings, defendants refer to a person named Sadi Nigri, who was the Chairman and Chief Executive Officer of Tip Top at the time of the subject importation and move for dismissal of Sadi Nigri as a defendant.  Notice of Mot. to Dismiss the Compl. against Sadi Nigri for Failure to State a Claim upon which Relief Can Be Granted pursuant to USCIT R. 12(b)(5), at 2 ("Mot. to Dismiss"); Defs.' Opp'n 2.

introduced, or attempted to enter or introduce any merchandise into the commerce of the United States. It instead alleges the fact that the importer of the merchandise was Tip Top, which is an uncontested fact in this case. Compl. ¶¶ 8-9; Pl.'s Statement of Material Facts ¶ 2; Pl.'s Mot. app. at 8, 119. Although identifying Nigri as Tip Top's Chairman and Chief Executive Officer at the time of the 2002 importation, the complaint does not allege that Nigri did, or failed to do, anything whatsoever. The complaint sets forth no facts upon which liability allegedly incurred by Tip Top, based on negligence in importing the merchandise, could be imputed to Nigri. Thus, not only does plaintiff's complaint fail to plead facts which, if true, would entitle plaintiff to recover from Nigri a penalty under Section 592, but it also can be fairly described as failing to state *any* claim against Nigri.[11]

For the reasons discussed above, the court is denying plaintiff's motion for summary judgment on grounds that do not relate specifically to the question of Nigri's potential liability under Section 592. Nevertheless, the court notes that nothing in plaintiff's motion for summary judgment establishes or alleges facts implicating Nigri in any violation of Section 592 that may have occurred. Were the court not to dismiss Nigri as a party defendant, it potentially would be allowing this case to go to trial against both defendants even though plaintiff, despite ample opportunity, has failed to plead, develop, or support any claim against one of those defendants, Nigri, that rests on an adequate basis in law or fact.

In opposing dismissal of Nigri, plaintiff makes only one argument other than that defendants' motion to dismiss is untimely. Plaintiff argues that "[c]orporate officers have

---

[11] In addition, the complaint, in its demand for relief, seeks a judgment against Tip Top and makes no mention of Nigri. Compl. 4.

repeatedly been held liable for violations that were committed in the capacity of their employment." Pl.'s Opp'n 4 (citing *United States v. Priority Prods., Inc.*, 793 F.2d 296, 299 (Fed. Cir. 1986), *United States v. Matthews*, 31 CIT 2075, 2082-83, 533 F. Supp. 2d. 1307, 1313-14 (2007), and *United States v. Golden Ship Trading*, 22 CIT 950, 956 (1998)). Although plaintiff is correct in its contention that officers of a corporation, in some factual circumstances, have been held liable under Section 592, neither that contention nor the cases plaintiff cites address the shortcoming in plaintiff's case, apparent from plaintiff's complaint and its motion for summary judgment, pertaining to any potential liability of Nigri.

*United States v. Priority Products, Inc.* is not on point. That case held that the failure by Customs to serve corporate officers, directors, or shareholders of a corporation with written pre-penalty or penalty notices during the administrative penalty proceeding does not deprive the Court of International Trade of subject matter jurisdiction over a complaint against those persons to recover a civil penalty originally assessed against the corporation. *See Priority Prods.*, 793 F.2d. at 300. The case also concludes that the failure to include the individual defendants in the pre-penalty and penalty notices, where those defendants had actual notice of the proceeding, was not a deprivation of due process. *Id.* at 301. The case does not hold that a party's serving as an officer of a corporation at the time the corporation imports merchandise is, by itself, sufficient to establish that officer's liability for acts committed by the corporation that are found to be in violation of Section 592. Nor did *Priority Products* involve the issue of the sufficiency of pleadings in an action to recover a penalty sought under Section 592.

*United States v. Matthews* and *United States v. Golden Ship Trading* are not binding precedent, and both are readily distinguished from this case. *See Matthews*, 31 CIT 2075, 533 F.

Supp. 2d. 1307; *Golden Ship Trading*, 22 CIT 950. In *Matthews*, corporate and individual defendants were found jointly and severally liable for violations of Section 592 based on fraudulent false statements of origin that were made in the entry documentation to avoid payment of antidumping duties on imports of silicon metal from China. *See Matthews*, 31 CIT at 2076, 533 F. Supp. 2d. at 1308 (ordering summary judgment for the United States "[b]ecause Defendants knowingly and purposely misrepresented the country of origin on the entries in question in order to avoid antidumping duties that would have been assessed upon that merchandise by Customs."). The Court of International Trade cited specific acts committed by the individual defendant Matthews in furtherance of the fraudulent scheme and, on the part of individual defendant McGuire, joint action with Matthews pursuant to a common plan. *Id.* at 2080-81, 533 F. Supp. 2d. at 1312-13. Like *Priority Products*, *Matthews* involved issues other than the issue of what factual allegations against an individual defendant suffice to avoid dismissal for failure to state a claim upon which relief can be granted.

In *Golden Ship Trading*, which also involved allegations of false statements of country of origin, the Court of International Trade denied the motion of defendants to dismiss individual defendant Wu that was made, in part, under USCIT Rule 12(b)(5). *Golden Ship Trading*, 22 CIT at 951. In contrast to the facts of this case, the government's complaint in *Golden Ship Trading* alleged a specific act on the part of the individual defendant, stating that this individual "signed the country of origin declaration falsely, stating that the country of origin was the Dominican Republic, and that these materially false statements, acts and/or omissions were performed without due care and constitute negligent violations of 19 U.S.C. § 1592." *Id.* *Golden Ship Trading* not only is distinguishable from this case but also was decided prior to the decisions of

the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). To avoid dismissal for failure to state a claim upon which relief can be granted, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic*, 550 U.S. at 555.

In support of its motion for summary judgment against Nigri, plaintiff reiterates the same arguments it makes in opposing defendants' motion. Pl.'s Reply in Supp. of its Mot. for Summ. J. 6-7. Plaintiff adds, however, that "evidence beyond the complaint . . . shows that Mr. Nigri was not only the founder, chairman and CEO, but also one of two 50 percent shareholders, one of two corporate officers, and one of only two employees for the company." *Id.* at 6. Plaintiff also states that "defendants do not dispute that no one at Tip Top knew or possessed more information than Mr. Nigri concerning the day-to[-]day operations of Tip Top." *Id.* Plaintiff's arguments fail in two respects. First, and most obviously, these allegations are not in the complaint. Second, even were these allegations in the complaint, plaintiff still would not have pleaded or demonstrated a basis on which Nigri, in his personal capacity, would have incurred any liability for a negligent violation of Section 592 that Tip Top may have committed.

In summary, the court will not allow this case to go to trial against Nigri on the complaint before it. Even if the court assumes the truth of every allegation made against Nigri in plaintiff's complaint, the court still is left with nothing beyond Nigri's serving as Chairman and Chief Executive Officer when Tip Top entered merchandise that, the government alleges, was entered according to a material false statement or act that occurred as a result of negligence.

### III. Conclusion

For the reasons discussed in the foregoing, the court will deny plaintiff's motion for summary judgment and dismiss defendant Nigri from this action.

### ORDER

Upon consideration of all papers and proceedings herein, it is hereby

**ORDERED** that all claims in the complaint be, and hereby are, dismissed to the extent that they seek relief against defendant Nigri, who is hereby dismissed from this action as a party defendant; it is further

**ORDERED** that the Clerk of the Court be, and hereby is, directed to amend the caption in this case to read "United States, Plaintiff, v. Tip Top Pants, Inc., Defendant"; it is further

**ORDERED** that the Rule 56 motion of plaintiff for summary judgment be, and hereby is, DENIED; and it is further

**ORDERED** that counsel for plaintiff, after consulting with counsel for defendant, shall submit, by February 12, 2010, a joint proposed schedule to govern the remainder of these proceedings.  Should counsel be unable to agree upon a proposed schedule, plaintiff shall notify the court of that fact by February 12, 2010.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: January 13, 2010
New York, New York